JACOB S. ROLLINS & ux. Adm'rs vs. ISAAC DYER & al.

Receipts are not in all cases conclusive ; they afford *prima facie* evidence of what they purport to declare, but are subject to be overthrown by counter proof from the other party.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit on a note of hand, dated *May* 27, 1833, for the sum of $465, payable in two years with interest, given by the defendants, *Dyer* and *Dorrance* to *Benjamin Poland* or order. *Poland* deceased within about twenty-four hours after the note was given, and *Lucy Poland*, one of the plaintiffs, was appointed administratrix on his estate, and has since been married to *Jacob S. Rollins*, the other plaintiff. The estate was represented insolvent, and proved to be so in fact, paying but thirty per cent. The defence set up was, payment by *Dyer* to the administratrix before her marriage with *Rollins*, and as evidence of such payment produced a receipt of which the following is a copy. " *June* 3, 1835. Received of *Oliver B. Dorrance* and *Isaac Dyer* the amount due upon their note given to *Benjamin Poland*, late of *Standish*, deceased ; said note being given in *June*, 1833, and the possession thereof obtained wrongfully by *Samuel Dennett* of *Standish*. And this is a full discharge of said *Dorrance* and *Dyer* from further liability on said note. *Lucy Poland*, adm'x of the estate of *Benjamin Poland*." The defendants also produced in evidence a notice from the administratrix, dated *May* 20, 1835, to *Dyer*, that the note was wrongfully obtained by *Dennett*, and requiring payment to be made to her. There was an entry on the back of the writ, that the action was brought for the benefit of *Samuel Dennett*, and the counsel appearing for the plaintiffs, contended at the trial that the note was *Dennett's* property. It was proved, that the note was delivered to the agent of *Dennett*, on the day it bears date, by one *Watson*, in exchange for notes against *Poland* in favor of *Dennett*, to the same amount. *Watson* testified, that he wrote and took the note in *Portland*, for said *Benjamin*, and delivered it on the same day to *Dennett's* agent, but that he had no authority whatever from the said *Benjamin*, or directions from him, so to dis-

pose of the note, or to make any disposition or assignment thereof; that he acted entirely without authority ; and that he had not informed *Benjamin Poland* of what he had done. It was proved, that *Poland*, on the 27th of *May*, when these transactions took place, was extremely sick, and died within about twenty-four hours of the time. The plaintiffs produced in evidence a letter from *Dorrance* to *Dennett*, dated *October* 23, 1835, in which he says, that he had been notified to pay the note to the heirs of *Poland* and not to *Dennet*, but " that he had as lief pay it to you, and a little rather, as we have always been friends."

The defendants contended, that the plaintiffs could not recover ; that no assignment of the note to *Dennett* had been proved; and that the payment to the administratrix, as proved by her receipt, should be a sufficient bar and defence to the action. WHITMAN C. J. instructed the jury, that receipts were not in all cases conclusive ; that evidence was admissible to show that they were given through mistake and misapprehension ; that from the letter of *Dorrance*, and the other circumstances in the case, they would consider whether it was or was not reasonable for them to believe, that the receipt produced was given without the payment of money or any other thing on account of said note, and whether the administratrix had not been induced to sign it, and also the letter signed by her, under an apprehension that it was necessary in order to defeat the claim which *Dennett* was setting up to said note. And that if they should be satisfied, that it had been so obtained from her without any consideration, the plaintiffs were entitled to recover the amount of the note, in order that the same might be distributed among the creditors of *Poland*. The verdict was for the plaintiffs, and exceptions were filed by the defendants.

*Swasey*, for the defendants, contended, that this was the suit of *Dennett*, and not of .the administrators ; that the attorney appearing in the action so avowed and it so appears on the exceptions ; it was so stated on the writ itself, and the administrators did not authorize the prosecuting of the suit in their names, but resisted it. That the claim of *Dennett*, as assignee, was without any foundation in evidence, law, or equity. His mere possession of the note would not enable him to bring the suit. The general principle of

law, that receipts are liable to be explained by parol proof of fraud or mistake, is not denied. If the suit had really been brought by the administrators for the benefit of the estate, there is no evidence of fraud or mistake in obtaining the receipt. The only pretence of evidence, the letter of *Dorrance*, might have been written in ignorance of the payment by *Dyer*. The principal objection to the charge is, that it was wholly inappropriate and erroneous as applied to this action by *Dennett*. He had no right to contest the validity of this receipt. The recovery in this suit will not place the money in the hands of the administrators, to be distributed among the creditors, but will give it to *Dennett*, the only person who seeks it, and who should not have it. The issue on the trial between the parties was, whether *Dennett* had shown a legal assignment to him, and the charge relates to the right to recover, if the suit had been for the benefit of the administrators.

*Poole*, for the plaintiffs, said that the defence relied on, was payment, and the only evidence of it was a receipt in general terms, not expressing even what sum was received. This is contradicted by the letter of one of the defendants, written four months after the receipt was given. The question for the consideration of the Court is simply whether the charge of the Judge of the Court of Common Pleas, " that receipts were not in all cases conclusive," was right or wrong. He did not propose going into an argument to show the practical utility and importance of the rule, but to confine himself to a reference to some of those cases where it has been determined. *Stackpole* v. *Arnold*, 11 *Mass. R.* 27; *Tucker* v. *Maxwell*, *ib.* 143 ; *Johnson* v. *Johnson*, *ib.* 359; *Wilkinson* v. *Scott*, 17 *Mass. R.* 249 ; *Ensign* v. *Webster*, 1 *Johns. Cas.* 145 ; *House* v. *Low*, 2 *Johns. R.* 378 ; *M'Kinstry* v. *Pearson*, 3 *Johns. R.* 319; *Kipp* v. *Denniston*, 4 *Johns. R.* 23 ; *Tobey* v. *Barber*, 5 *Johns. R.* 68; *Johnson* v. *Weed*, 9 *Johns. R.* 310; *Shephard* v. *Little*, 14 *Johns. R.* 210 ; *Bowen* v. *Bell*, 20 *Johns. R.* 338; *Steele* v. *Adams*, 1 *Greenl.* 2 ; *Skaife* v. *Jackson*, 3 *B. & Cres.* 421 ; *O'Neale* v. *Lodge*, 3 *Har. & M'Hen.* 433 ; *Trisler* v. *Williamson*, 4 *Har. & M'Hen.* 219; *Thompson* v. *Faussat*, 1 *Peters C. C. R.* 182 ; *Rex* v. *Scammonden*, 3 *T. R.* 474; *Harnden* v. *Gordon*, 2 *Mason*, 541.

Rollins *v.* Dyer.

The opinion of the Court was by

WESTON C. J.— There is no evidence of any valid assignment of the note in question to *Samuel Dennett,* nor is any such fact assumed in the instructions of the Judge. By an indorsement on the writ, it is stated to have been commenced for the benefit of *Dennett,* as the party in interest. That is an affair between the plaintiffs and *Dennett,* but affords no matter of defence, unless it appeared, that the note had been paid to him, which is not pretended. The plaintiffs on record do not disavow the suit, and if recovered in their names, they will be answerable in their representative capacity, for its due appropriation. That is a question, which does not concern the defendants. The note is evidence of a debt against them, which is recoverable at law, unless it has been paid.

The only legal point in the case is, whether on the evidence offered of payment, the jury were properly instructed. The receipt was *prima facie* evidence of that fact; but it was not conclusive, and was open to be contradicted by any testimony, which might fairly bear against it. The leading case of *Stackpole* v. *Arnold,* 11 *Mass. R.* 27, is an authority to this effect, which is in accordance with the uniform practice of our Courts. The same principle is more fully laid down in *Harnden* v. *Gordon & al.,* 2 *Mason,* 541, and it is well sustained by these and other decisions, cited for the plaintiffs.

But it is contended, that there existed no testimony, which made it necessary or proper, to present this view of the law to the consideration of the jury. The receipt was evidence, that the note was paid in *June,* 1835. *Dorrance,* one of the defendants, and a joint promisor of the note, on the 23d of *October* following, by fair implication from his letter of that date, admits the note to be due and unpaid. This was evidence against the receipt, which was properly left to the jury. It was their province to determine the fact. The instructions of the Judge appear to us to have been in conformity with law.

*Exceptions overruled.*